UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBAR PRATT, f/k/a AMBAR TORRES,
as ASSIGNEE of MARISE S. EASON,

    Plaintiff,                                 CASE NO.:    8:18-cv-1607-T-36AEP

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

    Defendants.
_____/

## PLAINTIFF'S AMENDED COMPLAINT

**PLAINTIFF,** AMBAR PRATT, f/k/a AMBAR TORRES as assignee of MARISE S. EASON ("hereinafter Pratt"), sues DEFENDANT, GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO"), and states as follows:

1. This is an action for damages exceeding FIFTEEN THOUSAND ($15,000) DOLLARS, excluding costs, interest, and attorney's fees.

2. GEICO is a foreign corporation incorporated solely in the State of Maryland, with its principle place of business in Chevy Chase, Maryland, is an admitted carrier authorized to and conducting insurance business in Florida, and at all times material has an agent or representative in Hillsborough County, Florida.

3. Every condition precedent to the bringing of this action has been accomplished or has been waived.

4. On or about November 10, 2006 Marise S. Eason ("Eason") recklessly operated a vehicle at a high speed and rear-ended the vehicle in which Pratt was a passenger ("the accident"). As a direct and proximate result of the accident, Pratt suffered severe bodily injury.

5. The accident also caused one fatality – to Jaclynne McCrary ("McCrary") – and injuries to three others – Jessica Hajipour, Josh Hajipour ("Hajipours"), and Michael E. Zapolski ("Zapolski").

6. With the exception of the fatality to McCrary, Pratt was clearly the most seriously injured of the other claimants. Pratt was emergently transported from the scene to Tampa General Hospital. Pratt's injuries included a closed-head injury, fractures to her skull, and permanent loss of hearing. The next most serious injuries were to the Hajipours – Jessica had an orbital fracture, and Josh a dislocated shoulder. Zapolski was in another vehicle which was far less impacted by the accident, and he only had minor injuries.

7. Eason was the named insured under a policy issued by GEICO bearing policy number 4044-39-32-15 ("the GEICO policy"). The GEICO policy afforded automobile bodily injury coverage with scheduled limits of twenty-five-thousand dollars ($25,000) per person, fifty-thousand dollars ($50,000) per occurrence, being applicable to accidents occurring in, among other states, Florida. A copy of the GEICO policy is attached hereto as **Exhibit "A"**. The GEICO policy was in full force and effect on November 10, 2006.

8. The vehicle driven by Eason was owned by his employer, Atlantic Tower Services ("ATS"), and was insured by a commercial auto policy issued by HARTFORD FIRE INSURANCE COMPANY ("Hartford"), with bodily injury policy limits of $1,000,000 per accident ("the Hartford policy"). A copy of the Hartford policy is attached hereto as **Exhibit "B"**. Eason was an insured under the Hartford policy by virtue of his permissive use of the vehicle.

9. Hartford was immediately notified of the accident and began a thorough investigation. GEICO was notified of the accident on or about December 7, 2006. Eason did not initially report the accident to GEICO because he was not aware his personal auto policy would cover an accident

involving his employer's vehicle. Eason's delay in reporting was not unreasonable under the circumstances and GEICO was not prejudiced by the delay because it was quickly able to obtain information derived through Hartford's investigation, which was shared with GEICO.

10. By December 19, 2006, Hartford paid its $1,000,000 policy limits to McCrary's Estate in exchange for a complete release of ATS and Eason of the wrongful death claim.

11. Shortly after the accident, Pratt and the Hajipours, through their respective parents (since they were all minors), retained Dominick Fariello ("Fariello") to represent them for their injuries from the accident.

12. On December 20, 2006, 40 days after the accident, Fariello demanded GEICO pay its $50,000 per accident limits in exchange for a complete release of Eason from all of his clients (Pratt and the Hajipours). The demand expressly stated that it was to settle the claims against Eason only and that Fariello's clients were not agreeing to release any other person or entity.

13. Prior to the December 20, 2006 demand, GEICO had made no efforts to settle the claims of Pratt or the Hajipours other than to authorize payment of its bodily injury policy limits.

14. Prior to the December 20, 2006 demand, Hartford had made no offers to settle the claims of Pratt or the Hajipours.

15. Rather than promptly accepting the demand, on December 26, 2006, GEICO for the first time, indicated it wanted to coordinate a settlement conference.

16. On or about December 29, 2006, Fariello was terminated as Pratt's counsel and new counsel, Murray, Marin, & Herman, P.A. were retained on Pratt's behalf.

17. GEICO ultimately did schedule a settlement conference, which failed to settle any claims. On January 9, 2007, GEICO sent a $25,000 check to settle Pratt's claims, along with a release of Eason, Eason's wife, and ATS. GEICO conditioned acceptance of the $25,000 upon a release of

all of Pratt's claims from the accident. This settlement offer was rejected. If GEICO had conditioned the policy limits offer upon a release of Eason only, Pratt's claims against Eason would have been settled.

18. As a result, Pratt filed suit against Eason for personal injury damages (the "underlying action").

19. On September 15, 2016, a final judgment in the amount of $1,000,000.00 was entered against Eason and in favor of Pratt. (Final Judgment attached hereto as **Exhibit "C"**).

20. Subsequently, Eason assigned to Pratt all rights, claims, actions, or causes of action he has against GEICO arising out of the accident. *See* **Exhibit "D"**.

21. Pratt has hired the undersigned attorneys and is obligated to pay a reasonable fee for their services.

## **COUNT I– COMMON LAW BAD FAITH AGAINST GEICO**

22. Pratt realleges and reasserts the allegations of paragraphs 1 through 22 herein.

23. As the liability insurer for Eason, GEICO was obligated to settle on behalf of, defend, and indemnify Eason for his legal liability to Pratt up to the available policy limits in order to protect the interests and assets of Eason. All such conduct was required to conform with the applicable good faith duties imposed by Florida Law.

24. Accordingly, GEICO was under a duty to promptly perform a reasonable and adequate investigation of the crash and timely evaluate the claims likely to be asserted against Eason and to apprise Eason of the anticipated exposure of the claims. GEICO was further affirmatively obligated to promptly seek out and determine whether settlement of claims resulting from the crash was possible and to make available funds up to its policy limits for the settlement of all bodily injury claims consistent with a prompt, fair, and reasonable evaluation of the claims.

25. GEICO was required to exercise reasonable claim judgment throughout the claim handling process and to at all times act in good faith with regard to Eason's interests. GEICO was required to maximize the benefit of the liability coverage it afforded to Eason by seeking to extinguish or limit any excess financial exposure to Eason resulting from the subject accident. GEICO was further affirmatively obligated to make available funds up to its policy limits of $25,000.00 per person and $50,000.00 per incident for the settlement of all bodily injury claims consistent with a prompt, fair and reasonable evaluation of the claims. The reasonable evaluation is required to consider the severity of each claim and to settle the most serious claim for up to a policy limit afforded when a reasonable person faced with the full exposures to all claims presented would do so. GEICO's duty of reasonable claim practice further included the obligation to communicate timely and completely with Eason including an outline of the reasonably probable value of each claim based upon the facts reasonably knowable over time and to explain the settlement strategy seeking to maximize the benefit of the Bodily Injury Liability protection provided by the policy.

26. GEICO was required to adopt and implement fair claim standards for the prompt adjustment of liability claims arising out of an insured's accident. These claim practices are required to reflect the fiduciary nature of the act of accepting the exclusive right and duty to settle any claims as set forth by GEICO's Policy. As such, upon notice of a loss, GEICO was required to assign a qualified adjuster to perform the loss adjustment process with the utmost of care, as owed by a fiduciary.

27. The required proper claims adjustment process would have revealed the severity of Pratt's injuries from the covered accident within a reasonable time after GEICO was put on notice of the accident and that the amount of the legal liability of Eason for the accident clearly exceeded the

scheduled limits of the Policy. Under these circumstances, GEICO was obligated to make "proactive" efforts to protect Eason from the bodily injury claims of Pratt.

28. GEICO did not perform its fiduciary duties as set forth above including, but not limited to, the following:

  a. Failing to timely and appropriately evaluate the claims arising from the November 10, 2006 accident;

  b. Failing to take timely and appropriate actions to minimize the risk of Eason being exposed to an excess judgment.

  c. Failing to reasonably and timely coordinate the settlement of competing liability claims from the November 10, 2006 accident;

  d. Failing to initiate settlement discussions with Pratt when it was clear that Eason's liability was clear and that Pratt's injuries would substantially exceed policy limits;

  e. Failing to promptly accept Pratt and the Hajipours' offer to settle within policy limits at a time when GEICO knew, or should have known, that Pratt and Hajipours' injuries would substantially exceed policy limits;

  f. Failing to communicate with its insureds to adequately explain the information necessary to achieve settlement; and

  g. Failing to adopt and implement standards and procedures for the timely and proactive investigation and resolutions of claims and/or failure to follow such standards and procedures as GEICO had adopted.

29. GEICO's breaches of its duties as set forth herein legally caused Pratt to file a lawsuit against Eason seeking recovery of her damages greatly in excess of the Policy's bodily injury limits.

30.     As a direct result of the violations and breaches herein alleged, Eason was exposed to the excess legal liability which has been liquidated to represent the judgment entered in the automobile lawsuit attached as **Exhibit "C"**.  GEICO is legally required to fully satisfy this judgment in order to cure the damage done to Eason as a result of GEICO's breach of its good faith duties and its failure to settle Pratt's claim.

**WHEREFORE** for the foregoing reasons, Plaintiff demands judgment against GEICO for the unsatisfied amount of the judgment to be paid and fully satisfied, interest, attorney's fees, costs, and such other relief deemed just and proper.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

/s/SCOTT A. ARTHUR, ESQ. _____
LEE D. GUNN IV, ESQ.
Florida Bar No.:  367192
lgunn@gunnlawgroup.com
SCOTT A. ARTHUR, ESQ.
Florida Bar No.:  0015889
sarthur@gunnlawgroup.com
GUNN LAW GROUP, P.A.
401 East Jackson Street, Suite 3600
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 8, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  B. Richard Young, Esq.,  Jordan M. Thompson, Esq., and George H. Featherstone, Esq., Young, Bill, Boles, Palmer, Duke & Thompson, P.A., Suntrust Financial Centre, 401 E. Jackson

Street, Suite 2950, Tampa, FL 33602, jthompson@flalawyer.net; gfeatherstone@flalawyer.net; cbaker@flalawyer.net; jdearborn@flalawyer.net.

      **I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: None

                                                         /s/SCOTT A. ARTHUR, ESQ.
                                                         LEE D. GUNN IV, ESQ.
                                                         Florida Bar No.: 367192
                                                         lgunn@gunnlawgroup.com
                                                         SCOTT A. ARTHUR, ESQ.
                                                         Florida Bar No.: 0015889
                                                         sarthur@gunnlawgroup.com
                                                         GUNN LAW GROUP, P.A.
                                                         401 East Jackson Street, Suite 3600
                                                         Tampa, FL 33602
                                                         (813) 228-7070 TELEPHONE
                                                         (813) 228-9400 FACSIMILE
                                                         Counsel for Plaintiff