**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMBAR PRATT, f/k/a AMBAR TORRES,
as ASSIGNEE of MARISE S. EASON,

    Plaintiff,                                  CASE NO.:    8:18-cv-1607-T-36AEP

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY and HARTFORD FIRE
INSURANCE COMPANY,

    Defendants.
_____/

## PLAINTIFF'S MOTION *IN LIMINE* REGARDING PRATT'S AMENDMENT OF PLEADINGS

**COMES NOW**, the Plaintiff, AMBAR PRATT, f/k/a AMBAR TORRES, as ASSIGNEE of MARISE S. EASON ("Pratt"), by and through her undersigned counsel hereby files this Motion in Limine, and in support states as follows:

Plaintiff seeks an *in limine* ruling as to the following evidence and testimony:

**Preclude GEICO from presenting evidence or argument of Pratt's amendment of her pleadings in this matter.**

Plaintiff anticipates GEICO will seek to present evidence to the jury that Pratt amended her pleadings in this matter from asserting that the opportunity to settle was lost when her mother fired Dominick Fariello, to asserting that GEICO could have settled the claims against Eason after Ken Whalen became her counsel. (*See* Dkts. 26 and 30). Such evidence and argument would be unduly prejudicial, confuse the issues, and waste time by creating the need for Pratt to then present evidence to explain the prior allegation. As this Court noted in its Order granted leave to amend,

Pratt was a minor when the matters at issue in this case took place, and her mother who was handling her claim was deceased when Pratt filed this lawsuit. (Dkt. 30 at 6). Therefore, it would be unduly prejudicial to her to have her initial pleadings used her against her in this manner at trial. Moreover, introduction of Pratt's prior allegation would then lead to the introduction of other problematic evidence, including evidence which GEICO seeks to avoid. For example, in order to explain the circumstances of her prior allegations, Pratt would have to introduce evidence that Whalen was battling cancer when she initiated this lawsuit to explain why he wasn't consulted, and GEICO has filed a motion *in limine* to preclude evidence of Whalen's cancer. (Dkt. 53). The jury may also become confused or distracted by getting into procedural issues regarding pleadings. For these reasons, evidence and argument of Pratt's initial pleadings should be precluded under Fed. R. Evid. 403.

**WHEREFORE**, Plaintiff, AMBAR PRATT, f/k/a AMBAR TORRES, as ASSIGNEE of MARISE S. EASON, respectfully requests that this Honorable Court enter an Order *in limine* as to the evidence and testimony set forth herein.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned counsel hereby certifies that counsel for Plaintiff has conferred with counsel for Defendant in good faith and Defendant opposes the relief sought herein.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: B. Richard Young, Esq., Jordan M. Thompson, Esq., Megan E. Alexander, Esq. and George H. Featherstone, Esq., Young, Bill, Boles, Palmer, Duke & Thompson, P.A., Suntrust Financial Centre, 401 E. Jackson Street, Suite 2950, Tampa, FL 33602, jthompson@flalawyer.net;

malexander@flalawyer.net;         gfeatherstone@flalawyer.net;         cbaker@flalawyer.net;

jdearborn@flalawyer.net.

**I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: None

/s/SCOTT A. ARTHUR, ESQ.
LEE D. GUNN IV, ESQ.
Florida Bar No.:  367192
lgunn@gunnlawgroup.com
SCOTT A. ARTHUR, ESQ.
Florida Bar No.:  0015889
sarthur@gunnlawgroup.com
GUNN LAW GROUP, P.A.
401 East Jackson Street, Suite 3600
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
Counsel for Plaintiff