UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBAR PRATT,

    Plaintiff,

v.   Case No: 8:18-cv-1607-CEH-AEP

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____

# ORDER

This cause comes before the Court on Plaintiff Amber Pratt's Motion for Partial Reconsideration of Summary Judgment Order (Doc. 128), which Defendant Government Employees Insurance Company ("GEICO") opposes (Doc. 136). In the motion, Plaintiff requests reconsideration of the part of the Court's Order, dated March 31, 2023 (Doc. 120), denying partial summary judgment that non-party Atlantic Tower Service ("ATS") is not an insured under the GEICO policy.

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion for reconsideration as untimely.

I.  **BACKGROUND**[1]

This insurance action arises from a 2006 automobile crash that caused Plaintiff severe injury. Pursuant to a Joint Stipulation in an underlying negligence action,

---

[1] This Order adopts and incorporates the factual background set forth in the Order dated March 31, 2023.

Plaintiff was assigned all rights, claims, actions, or causes of action the insured driver had against Defendant arising out of the accident or underlying action. Plaintiff now alleges common law bad faith against Defendant.

Both parties moved for full or partial summary judgment. After an appeal, which vacated the Court's prior Order in light of *McNamara v. GEICO*, 30 F.4th 1055 (11th Cir. 2022), the Court issued a new Order, dated March 31, 2023. Doc. 120. Plaintiff's motion for partial summary judgment sought, *inter alia*, summary judgment that the underlying insurance policy did not afford coverage to ATS, the insured driver's employer. The Court declined to enter summary judgment on this issue or even reach the merits, finding that Plaintiff had failed to establish where the insurance contract was executed, which would permit the Court to determine the threshold issue of which state's law governed the parties' rights and liabilities. *Id.* at 35-37. The Court then stated:

> The Court will allow the parties to submit a stipulation regarding the place of where the policy of insurance at issue was executed, if there is no dispute. Any such stipulation shall be submitted on or before April 14, 2023. Upon receipt of the stipulation, the Court will reconsider Plaintiff's motion for partial summary judgment as to whether ATS was insured under the policy.

*Id.* at 37.

No such stipulation was filed. On September 12, 2023, Plaintiff filed the instant motion for partial reconsideration. Doc. 128. Plaintiff explains that "the parties were ultimately able to agree" that the policy was executed in Georgia. *Id.* at 4. Because they were unable to agree as to whether ATS was an insured on the policy, however,

2

Plaintiff "seeks the Court's intervention to reconsider and decide the issue as a matter of law." *Id.* As to the timing of her motion, Plaintiff states that she "felt the issue could be addressed through the parties' Joint Pretrial Statement," "so as to avoid any unnecessary work on the part of the Court, and because GEICO had never previously disputed (i) that the GEICO Policy was a Georgia policy, (ii) that ATS owned the subject vehicle, or (iii) that ATS was not a named insured under the GEICO Policy." *Id.* at 2-3. She then filed the instant motion when the parties were unable to come to an agreement as to the latter two issues. *Id.* At a pretrial hearing on September 21, 2023, Plaintiff asserted that its motion was timely under the pretrial conference rules, which authorize the Court to narrow the issues for trial by eliminating those that are not disputed.

     Defendant opposes the motion. Doc. 136. Defendant first argues that Plaintiff has not satisfied the requirements of a motion for reconsideration under Fed. R. Civ. P. 60(b). *Id.* at 5-7. Defendant also contends that the motion is untimely under Rule 60(c) and this Court's prior Order, because it was submitted well after the deadline of April 14, 2023. *Id.* at 8. Defendant represents that Plaintiff did not contact it prior to the deadline to seek a stipulation about the policy's execution. *Id.* In addition, Defendant points out that it opposed Plaintiff's motion for partial summary judgment on the issue of ATS' status under the policy and filed a motion in limine on the same issue, which renders Plaintiff's stated expectation of resolving the issue via stipulation "puzzling." *Id.* at 6-7.

3

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy." *Ludwig v. Liberty Mutual Fire Insur. Co.*, 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, *3 (M.D. Fla March 30, 2005). As a result, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice' demand correction." *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996), citing *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Id.*, quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D. Fla. 2000); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a reconsideration] motion are newly-discovered evidence or manifest errors of law or fact."). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009), quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.

2005). A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration. *Id.*

### III. DISCUSSION

The Court declines to consider the merits of the motion for reconsideration because it finds that the motion is untimely. Accordingly, it is due to be denied.

The Court's March 31, 2023 Order provided clear instructions that, if the factual issue of where the policy was executed was undisputed between the parties, Plaintiff would be permitted to file a stipulation to that effect by April 14, 2023 and seek reconsideration of that portion of the Court's Order. Yet Plaintiff did not comply with the deadline, attempt to comply with the deadline, offer any good cause for her failure to do so, or seek additional time—even though it now appears that the factual issue is, indeed, undisputed, which suggests that she would have been able to obtain a stipulation in a timely manner if she had tried. Rather than abiding by the Court's Order, Plaintiff waited several months until the preparation of the joint pretrial statement to seek a stipulation on the issue. Her explanation that she believed the parties could stipulate to related factual issues at the same time, obviating the need for a court order, is unpersuasive. Defendant vehemently opposed Plaintiff's request for partial summary judgment on the issue of ATS' status under the GEICO policy and even filed a motion *in limine* seeking to preclude any testimony or evidence on the issue. Any belief that the issue could be resolved without a court order is therefore unreasonable.

5

Plaintiff's argument that the pretrial rules, which permit the Court to resolve undisputed factual issues before the trial, render its motion timely is also unavailing. Federal Rule of Civil Procedure 16(c)(2) states that a court "may consider and take appropriate action on" a variety of matters at a pretrial conference, including "formulating and simplifying the issues, and eliminating frivolous claims or defenses." Fed. R. Civ. P. 16(c)(2)(A). This rule does not extend prior deadlines or excuse a party's failure to abide by them. Likewise, Local Rule 3.06(3), Middle District of Florida, requires parties to stipulate to as many legal and factual issues as possible when preparing the joint pretrial statement, but it does not prevent them from seeking a stipulation at an earlier time in accordance with a court order. Plaintiff has offered no explanation for her failure to attempt to obtain a stipulation before April 14, 2023 on the straightforward question of where the policy was executed. Absent a showing of good cause, the Court declines to permit such a lengthy extension of its deadline. The motion is therefore untimely.

Moreover, Defendant is correct that Plaintiff has not identified a basis for reconsideration aside from the Court's invitation to submit a stipulation. She does not assert that there has been an intervening change in controlling law, or that there is a need to correct clear error or manifest injustice. *See McGuire*, 497 F. Supp. 2d at 1358 (reconsideration is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice). Although Defendant's stipulation that the insurance policy is a Georgia policy is arguably new evidence, the Court has already addressed that its submission

6

is untimely. Accordingly, the motion for reconsideration is due to be denied. It is

**ORDERED**:

1. Plaintiff Amber Pratt's Motion for Partial Reconsideration of Summary Judgment Order (Doc. 128) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties