# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMBAR PRATT,

    Plaintiff,

v.                                                            Case No: 8:18-cv-1607-CEH-AEP

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

This cause comes before the Court upon several Motions *in Limine* filed by Plaintiff Ambar Pratt (Docs. 47, 59-61) and Defendant Government Employees Insurance Company ("GEICO") (Docs. 48-57),[1] and the respective responses in opposition (Docs. 66-77). A hearing was held on these motions on October 17, 2023, at which the Court made oral rulings. This Order serves to memorialize the Court's oral pronouncements.

## DISCUSSION

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citation

---

[1] Defendant has withdrawn its eleventh motion *in limine* at Doc. 58. *See* Doc. 139 at 2.

omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.*, quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). Rule 402 of the Federal Rules of Evidence prohibits the introduction of evidence that is not relevant. Rule 403 requires the Court to balance the probative value of evidence against the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

1. <u>Plaintiff's motion in limine regarding GEICO's tendering policy limits during irrelevant time frames (Doc. 47)</u>

Plaintiff's first motion *in limine* seeks to exclude evidence or testimony regarding communications between GEICO and Plaintiff after the settlement offer on January 9, 2017, including additional settlement checks that GEICO sent. Plaintiff claims it is undisputed that Plaintiff was not willing to settle her claims for the policy limit after January 9, 2017, which renders all subsequent communications irrelevant. In response, Defendant disputes Plaintiff's contention about what is undisputed, and asserts that subsequent communications are highly relevant to the totality of the circumstances to determine whether a settlement was ever possible.

On a motion *in limine*, the Court should exclude only evidence that is clearly inadmissible for any reason. Given the legal standard in bad faith cases and the facts

2

of this case, this evidence is not clearly inadmissible. On the contrary, it is part of the totality of the circumstances. The motion is therefore due to be denied.

2. <u>Defendant's motion in limine regarding personal opinions of insurance companies (Doc. 48)</u>

Defendant's first motion *in limine* seeks to exclude opinions comparing GEICO to other insurance companies, or testimony or evidence regarding GEICO's financial situation, because it is irrelevant and prejudicial. Plaintiff does not oppose the motion *in limine*. The motion is therefore granted.

3. <u>Defendant's motion in limine regarding references to GEICO's advertising campaigns and insurance premiums (Doc. 49)</u>

Defendant next seeks to exclude as irrelevant any references to GEICO's advertising campaigns or the payment or non-payment of insurance premiums. Plaintiff does not oppose the motion *in limine*. The motion is tgranted.

4. <u>Defendant's motion in limine excluding evidence regarding the impact of Plaintiff's injuries and ongoing treatment (Doc. 50)</u>

Defendant seeks to exclude evidence regarding Plaintiff's current medical condition and any ongoing treatment, as it is unduly prejudicial and irrelevant to the bad faith claim and would serve only to elicit sympathy. The parties agree that evidence of Plaintiff's medical condition and facts known at the time of the insurance claim are relevant. However, Plaintiff argues that current evidence of her head injury may also be relevant to explain any memory issues that might arise during her testimony. At the hearing, Defendant asserted that Plaintiff's testimony as a whole may be irrelevant, because she was not involved in the claim process.

The motion is granted to the extent that Plaintiff may not provide testimony or evidence regarding her current medical condition or ongoing treatment. She is not excluded from offering evidence or testimony about the injuries she received at the time of the accident, as long as it is not offered for the purpose of sympathy. In addition, she may testify briefly about her current condition to the extent it becomes necessary to explain a loss of memory during her testimony. To the extent Defendant now seeks to exclude Plaintiff's testimony as a whole, the motion is denied.

5. <u>Defendant's motion in limine regarding evidence of Hartford's claims handling (Doc. 51)</u>

Defendant seeks to exclude any comparison of Hartford's claims handling with GEICO's claims handling, because comparative claims handling is impermissible under Florida law and is confusing and misleading to the jury. Plaintiff agrees that any specific argument that compares or juxtaposes Hartford's and GEICO's claims handling is impermissible. The motion is therefore granted to the extent that there will be no testimony or evidence that compares Hartford's claims handling to GEICO's. However, Plaintiff is not prohibited from otherwise offering testimony or evidence regarding Hartford's handling of the claim, which is inextricably intertwined with GEICO's claims handling in this case and is relevant to the totality of the circumstances.

6. <u>Defendant's motion in limine regarding Giovanna Perez-Torres's death (Doc. 52)</u>

Defendant seeks to exclude as irrelevant evidence or testimony regarding the death of Plaintiff's mother, aside from explaining her absence at trial. Plaintiff does not oppose the motion *in limine*. The motion is therefore granted.

7. <u>Defendant's motion in limine regarding Kenneth Whalen's cancer and treatment (Doc. 53)</u>

Defendant seeks to exclude evidence or testimony regarding Plaintiff's former attorney's cancer diagnosis and treatment. The parties have agreed that the evidence is not relevant, provided that Defendant does not raise the issue of Plaintiff's amendment of the pleadings, as discussed in Plaintiff's motion at Doc. 60. The motion is granted.

8. <u>Defendant's motion to exclude evidence of GEICO's claims manuals and internal policies (Doc. 54)</u>

Defendant seeks to exclude evidence, testimony, or arguments regarding GEICO's compliance, or lack thereof, with its claims manuals or internal policies, arguing that it is irrelevant to a bad faith claim and has no causal connection with the failure to settle, but will be confusing to the jury. Plaintiff responds that any breach of internal policies or procedures is admissible as evidence of a breach of the standard of care, and that the policies themselves are evidence of claims industry standards, which the jury may determine are relevant to bad faith.

Defendant's motion is overbroad. GEICO's internal policies and claims manuals are not necessarily irrelevant for any purpose other than to circumvent the

legal standard. As a result, the Court cannot find that there is no set of facts in which the evidence would be admissible, such that it must be excluded. The Court will instead consider any objections at trial in the context of when and how the evidence is being offered. The motion *in limine* is therefore denied, subject to Defendant's ability to object at trial.

9. Defendant's motion in limine regarding GEICO employees' understanding of Florida bad faith law (Doc. 55)

Next, Defendant seeks to preclude Plaintiff from asking its claims adjusters detailed questions about Florida law. Defendant argues that this form of questioning is outside the lay witnesses' knowledge and amounts to counsel explaining the law to the jury, rather than the Court. Plaintiff responds that she does not intend to go into detail about the law, but that some questions relating to bad faith law are relevant to the totality of the circumstances.

The Court agrees with Plaintiff that the topic cannot be excluded at the *in limine* stage, without hearing the testimony and the specific questions that are asked. The motion is therefore denied, without prejudice to Defendant objecting during the course of the trial to questions that attempt to elicit evidence that is inappropriate, such as questions asked for the purpose of discussing the caselaw or otherwise addressing the content of the Court's jury instructions.

10. Defendant's motion in limine regarding whether ATS was insured under the GEICO policy (Doc. 56)

In its motion, Defendant sought to exclude any opinion regarding the coverage status of Atlantic Tower Services ("ATS") under the GEICO policy. At the hearing,

6

however, Defendant explained that it primarily objects to a jury instruction that states whether or not ATS was covered under the policy, rather than allowing the jury to determine that question among the totality of the circumstances. The parties agree that coverage of ATS, or lack thereof, is an integral aspect of Plaintiff's theory of bad faith. Plaintiff argues that, accordingly, the motion *in limine* is due to be denied. She further asserts that the determination Defendant seeks is more appropriate for a later stage of the case. The Court agrees. The topic of ATS's coverage is relevant to the totality of the circumstances and will therefore not be excluded. The legal merits of the ATS coverage issue will be addressed at a later stage of the case. The motion is denied, subject to Defendant making any appropriate objections during the course of the trial.

11. Defendant's motion in limine regarding a waiver of policy limits (Doc. 57)

In its last motion, Defendant seeks to exclude testimony that GEICO "waived its policy limits," which Defendant asserts has no basis in Florida law or the record evidence. As addressed in Doc. 139, paragraph 1, the parties have reached an agreement with respect to this issue. The motion is therefore denied as moot.

12. Plaintiff's motion in limine regarding a potential indemnification claim against Eason (Doc. 59)

Next, Plaintiff seeks to exclude any testimony or argument that Defendant's efforts to settle Plaintiff's claim against ATS were justified by a potential indemnification claim against Eason. At the hearing, Plaintiff acknowledged that the Court's ruling on its motion for partial summary judgment controls the motion *in*

*limine* as well. The Order denied Plaintiff's request for summary judgment on the same topic, finding that Defendant's expert's testimony could not be considered without additional foundation, and that the truth or credibility of the expert's opinion should be addressed on cross-examination and is in the purview of the jury. Doc. 39 at 39-40. Plaintiff is correct that this ruling also applies to its motion *in limine*. The Court cannot consider the propriety of this testimony in a vacuum and must instead hear it in context. Accordingly, the motion is denied subject to Plaintiff's ability to object during the course of the trial.

13. <u>Plaintiff's motion in limine regarding Pratt's amendment of pleadings (Doc. 60)</u>

Plaintiff seeks to exclude as prejudicial any evidence or testimony regarding her amendment of the pleadings. As discussed with respect to Defendant's motion *in limine* at Doc. 53, the parties have agreed not to raise this issue. The motion is therefore granted.

14. <u>Plaintiff's motion in limine regarding opinions of others' state of mind (Doc. 61)</u>

In Plaintiff's final motion, she seeks to exclude testimony by Defendant's expert that speculates about what a witness would have done. She argues that such opinions are outside the expert's expertise and infringe on the jury's exclusive role of assessing credibility, as they either bolster or contradict what the witnesses themselves will testify. Defendant asserts that its expert's opinions are based on her review of the record evidence, and fall squarely within the bad faith standard of whether GEICO could and should have settled the claim. Here, too, the Court cannot determine

whether the expert's opinions are impermissible in a vacuum and must instead hear the testimony that is offered. The motion is therefore denied without prejudice to Plaintiff's ability to object at trial.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion in limine regarding GEICO's tendering policy limits during irrelevant time frames (Doc. 47) is **DENIED without prejudice**.

2. Defendant's motion in limine regarding personal opinions of insurance companies (Doc. 48) is **GRANTED**.

3. Defendant's motion in limine regarding references to GEICO's advertising campaigns and insurance premiums (Doc. 49) is **GRANTED**.

4. Defendant's motion in limine excluding evidence regarding the impact of Plaintiff's injuries and ongoing treatment (Doc. 50) is **GRANTED in part**.

5. Defendant's motion in limine regarding evidence of Hartford's claims handling (Doc. 51) is **GRANTED in part**.

6. Defendant's motion in limine regarding Giovanna Perez-Torres's death (Doc. 52) is **GRANTED**.

7. Defendant's motion in limine regarding Kenneth Whalen's cancer and treatment (Doc. 53) is **GRANTED**.

8. Defendant's motion to exclude evidence of GEICO's claims manuals and internal policies (Doc. 54) is **DENIED without prejudice**.

9. Defendant's motion in limine regarding GEICO employees' understanding of Florida bad faith law (Doc. 55) is **DENIED without prejudice**.

10. Defendant's motion in limine regarding whether ATS was insured under the GEICO policy (Doc. 56) is **DENIED without prejudice**.

11. Defendant's motion in limine regarding a waiver of policy limits (Doc. 57) is **DENIED as moot**.

12. Plaintiff's motion in limine regarding a potential indemnification claim against Eason (Doc. 59) is **DENIED without prejudice**.

13. Plaintiff's motion in limine regarding Pratt's amendment of pleadings (Doc. 60) is **GRANTED**.

14. Plaintiff's motion in limine regarding opinions of others' state of mind (Doc. 61) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida on October 20, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties